UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODIE L. DODSON,

                  Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 3:16-cv-05494-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

      On March 1, 2013, plaintiff filed an application for SSI benefits, alleging she became disabled beginning October 12, 2005. Dkt.10, Administrative Record (AR) 16. That application were denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert. AR 42-73.

      In a written decision dated October 31, 2014, the ALJ found that plaintiff could perform

ORDER - 1

other jobs existing in significant numbers in the national economy, and therefore that she was noted disabled. AR 16-36. On April 28, 2016, the Appeals Council denied plaintiff's request for review of that decision, making it the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on June 17, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the opinion evidence from plaintiff's treating mental health therapists, Faye Berg, LMHC, and Samantha Halfen, MA, examining psychologist, Bryan Zolnikov, Ph.D., and non-examining psychologist Edward Beaty, Ph.D.;

(2) in discounting plaintiff's credibility;

(3) in assessing plaintiff's residual functional capacity (RFC); and

(4) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in rejecting the opinion evidence from Dr. Beaty, and thus in assessing plaintiff's RFC and in finding she could perform other jobs. The Court, therefore, finds remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

ORDER - 2

the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.     The ALJ's Evaluation of the Opinion Evidence from Dr. Beaty

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

ORDER - 3

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining

physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence from Dr. Beaty, the ALJ stated:

> [Dr. Beaty] found that the claimant should not be placed in employment with more than simple, repetitive work tasks. This portion of [his] opinion is consistent with medical evidence of record and is given great weight. Despite waxing and waning of concentration, persistence, or pace, [he] also found that the claimant was capable of performing well in a competitive environment and found that the claimant should be limited to superficial interaction with the general public. The undersigned agrees, finding that she is able to perform work that involves no direct work with the general public or more than superficial contact with co-workers. Although [Dr. Beaty] did not examine the claimant, [he is an expert] in evaluating medical issues in Social Security disability cases. Because [his assessment is] consistent with the medical evidence of record as a whole, the undersigned gives the assessment[]great weight. [Dr. Beaty] also noted that the claimant "may need additional time and instruction from supervision to respond appropriately to changes in environment and work tasks." The undersigned has considered this portion of [Dr. Beaty's] opinion but finds insufficient evidence that the claimant would require additional time or instruction, given the limitation to simple routine tasks. That limitation sufficiently restricts the claimant's exposure to changes in environment and work tasks, rendering further limitation unnecessary.

AR 34 (internal citations omitted).

Plaintiff argues the ALJ committed two errors here. First, plaintiff asserts the ALJ erred in not addressing Dr. Beaty's opinion that she also "[m]ay have occasional absences beyond the norm." AR 96. The Court agrees this failure to do so constitutes reversible error. *See Vincent*, 739 F.2d at 1394-95 (ALJ must explain why "significant probative evidence has been rejected"). Defendant argues Dr. Beaty's opinion regarding absences was not "definitive", and therefore the ALJ was not required to adopt it. However, the ALJ saw fit to address Dr. Beaty's opinion that plaintiff "*may* need additional time and instruction from supervision to respond appropriately to changes in environmental and work tasks," which would seem to be no more definitive in terms

ORDER - 5

of its phrasing. AR 96 (emphasis added). Nor is it all clear, for that reason, that the ALJ declined to adopt Dr. Beaty's opinion regarding absences on its supposed lack of definitiveness. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on evidence ALJ did not discuss).

The Court also agrees with plaintiff that the ALJ's reasons for rejecting Dr. Beaty's opinion regarding the possible need for additional time and instruction were not legitimate. As plaintiff points out, the ALJ did not explain what evidence she found to be insufficient to support that opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). Nor does the ALJ explain why a limitation to simple tasks suffice, given that the ability to respond to changes is not necessarily tied to the level of task complexity. Thus, here too the ALJ erred.

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's residual functional capacity (RFC) assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from

ORDER - 6

the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the mental RFC to perform "**simple routine tasks in work that does not involve direct work with the public or more than superficial contact with co-workers**." AR 22 (emphasis in the original). But because as discussed above the ALJ erred in evaluating the opinion evidence from Dr. Beaty concerning absences and the ability to respond to changes, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations.

III.    The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by

the medical record." *Id.* (citations omitted).

Here, the ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 35-36. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed – and thus the vocational expert's testimony and the ALJ's reliance on that testimony – also cannot be said to be supported by substantial evidence or free of error.

IV. <u>Remand for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

ORDER - 8

Because issues remain in regard to the medical evidence in the record, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 19th day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9